
MBZ/CAS: USAO2011R00580

JUL 09 2012

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     *

       *

    v.       *     **CRIMINAL NO.**

       *     AW 12 CR 0375

JOSE VALENZUELA,     *     (Conspiracy to Distribute and Possess

BEATRIZ VALENZUELA,     *     with Intent to Distribute 1,000

ANTONIO HILL, Jr.,     *     Kilograms or More of Marijuana, 21

    a/k/a NuNu,     *     U.S.C. § 846; Money Laundering

ERICO HILL,     *     Conspiracy, 18 U.S.C. § 1956(h);

    a/k/a Rico,     *     Forfeiture, 21 U.S.C. § 853, 18 U.S.C.

JAMES LEWIS, Jr.,     *     § 982(a)(1))

    a/k/a Little Man,     *

KENNETH DAVIS,     *

    a/k/a Kenny,     *

ERNEST RAWLINGS, Jr.,     *

    a/k/a Junior,     *

ERROL COMMA,     *

    a/k/a E,     *

JANE NKEMATEH,     *

    a/k/a Jayne Nekematah,     *

       *

    Defendants     *

       *

       *******

## INDICTMENT

## COUNT ONE

The Grand Jury for the District of Maryland charges that:

1.     Between a time unknown to the Grand Jury, but no later than on or about June 6,

2011, and on or about July 9, 2012, in the District of Maryland and elsewhere, the defendants,

JOSE VALENZUELA,
BEATRIZ VALENZUELA,
ANTONIO HILL, Jr.,
a/k/a NuNu,
ERICO HILL,
a/k/a Rico,

**JAMES LEWIS, Jr.,**
**a/k/a Little Man,**
**KENNETH DAVIS,**
**a/k/a Kenny,**
**ERNEST RAWLINGS, Jr.,**
**a/k/a Junior,**
**ERROL COMMA,**
**a/k/a E, and**
**JANE NKEMATEH,**
**a/k/a Jayne Nekematah,**

did knowingly conspire with one another and other persons known and unknown to the Grand Jury to distribute and possess with intent to distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841.

### Manner and Means of the Conspiracy

2.      It was part of the conspiracy that defendants and coconspirators obtained and caused to be transported large quantities of marijuana from Arizona to Maryland, where the marijuana was received and divided for distribution in Maryland.

3.      It was further part of the conspiracy that the defendants and coconspirators arranged to cause to be transported large quantities of marijuana via commercial carrier.

4.      It was further part of the conspiracy that the defendants and coconspirators used multiple cellular telephones to communicate and to avoid detection by law enforcement.

5.      It was further part of the conspiracy that the defendants and conspirators would and did perform various tasks to obtain and distribute marijuana, including but not limited to the following:

a.      Defendants **JOSE VALENZUELA** and **BEATRIZ VALENZUELA** shipped marijuana from Arizona to Maryland and received proceeds in return.

b.      Defendant **ANTONIO HILL, Jr., a/k/a NuNu,** coordinated the shipment of controlled dangerous substances from Arizona to Maryland and managed the laundering of the proceeds to the sources of supply in Arizona.

c.      Defendant **ERICO HILL, a/k/a Rico,** assisted in the receipt of marijuana from Arizona, coordinated the distribution of the marijuana in Maryland, and assisted in the laundering of the proceeds to the sources of supply in Arizona.

d.      Defendant **JAMES LEWIS, Jr., a/k/a Little Man,** assisted in the receipt of packages containing marijuana from Arizona, the repackaging of marijuana for distribution in Maryland, and the laundering of the proceeds to the sources of supply in Arizona.

e.      Defendant **KENNETH DAVIS, a/k/a Kenny,** assisted in the repackaging of marijuana for distribution in Maryland and the laundering of the proceeds to the sources of supply in Arizona.

f.      Defendant **ERNEST RAWLINGS, Jr., a/k/a Junior,** assisted in the receipt of packages containing marijuana from Arizona.

g.      Defendant **ERROL COMMA, a/k/a E,** assisted in the receipt of packages containing marijuana from Arizona.

h.      Defendant **JANE NKEMATEH, a/k/a Jayne Nekematah,** assisted in the receipt of packages containing marijuana from Arizona.

21 U.S.C. § 846

## COUNT TWO

The Grand Jury for the District of Maryland further charges that:

1.      Between a time unknown to the Grand Jury, but no later than on or about June 6,

2011, and on or about July 9, 2012, in the District of Maryland and elsewhere, the defendants,

**JOSE VALENZUELA,**
**BEATRIZ VALENZUELA,**
**ANTONIO HILL, Jr.,**
**a/k/a NuNu,**
**ERICO HILL,**
**a/k/a Rico,**
**JAMES LEWIS, Jr.,**
**a/k/a Little Man,**
**KENNETH DAVIS,**
**a/k/a Kenny,**
**ERNEST RAWLINGS, Jr.,**
**a/k/a Junior,**
**ERROL COMMA,**
**a/k/a E, and**
**JANE NKEMATEH,**
**a/k/a Jayne Nekematah,**

did knowingly conspire with each another and other persons known and unknown to the Grand

Jury to conduct and attempt to conduct financial transactions which in fact involved the proceeds

of specified unlawful activity – to wit, conspiracy to distribute and possess with intent to

distribute marijuana, in violation of Title 21, United States Code, Section 846, and distribution

and possession with intent to distribute marijuana, in violation of Title 21, United States Code,

Section 841 – while knowing that the property involved in the financial transactions represented

the proceeds of some form of unlawful activity and

        a.      with the intent to promote the carrying on of specified unlawful activity, in

violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

        b.      knowing that the transactions were designed in whole and in part to

conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

### Manner and Means of the Conspiracy

2.    It was part of the conspiracy that defendants and coconspirators structured financial transactions between each other and other persons to evade Internal Revenue Service ("IRS") filing requirements for transactions involving more than $10,000 in cash payments in a single transaction, and thereby further conceal from the government large cash transactions by narcotics dealers.

3.    It was further part of the conspiracy that defendants and coconspirators used third parties to open bank accounts at multiple financial institutions to promote the distribution of marijuana and conceal that funds were derived from drug proceeds.

18 U.S.C. § 1956(h).

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further charges that:

1.      Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, in the event of the defendants' convictions under Counts One and Two of this Indictment.

### Narcotics Forfeiture

2.      Pursuant to Title 21, United States Code, Section 853(a), upon conviction of an offense in violation of the Controlled Substances Act, as alleged in Count One, each defendant shall forfeit to the United States of America:

       a.      any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

       b.      any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3.      The property to be forfeited includes, but is not limited to, $950,000, in that such sum in aggregate was furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act.

### Money Laundering Forfeiture

4.      Pursuant to Title 18, United States Code, Section 982(a)(1), and as a result of the offenses set forth in Count Two, each defendant shall forfeit to the United States of America all property, real or personal, involved in such offense, and all property traceable to such property.

6

The property to be forfeited includes, but is not limited to, the following:

    a.      A sum of money equal to the value of any property involved in the money laundering offenses for which the defendant has been convicted, which sum shall be at least $950,000;

    b.      all property constituting the subject matter of the money laundering offenses for which the defendant(s) have been convicted; and

    c.      all property used to commit or to facilitate the commission of the money laundering offenses for which the defendant(s) have been convicted.

### Substitute Assets

5.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third person;

    c.      has been placed beyond the jurisdiction of the Court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendants up to

the value of the property charged with forfeiture in the paragraph above, pursuant to Title 21,

United States Code, Section 853(p), up to the value of $950,000.

21 U.S.C. § 853
18 U.S.C § 982(a)(1)

Rod J. Rosenstein /mg
_____
Rod J. Rosenstein
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

_____
Foreperson

July 9 2012
_____
Date

8